UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., | |
| Plaintiff, | Case No.  6:20-cv-840 |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
APPLE INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §1 *et seq.*, in which Plaintiff Solas OLED Ltd. ("Plaintiff" or "Solas") makes the following allegations against Defendant Apple Inc. ("Apple" or "Defendant"):

**INTRODUCTION**

1. This complaint arises from Apple's unlawful infringement of the following United States patent owned by Solas, which generally relates to touchscreen technology: United States Patent No. 7,868,880 ("'880 Patent") (collectively, the "Asserted Patent").

2. OLED displays are revolutionizing electronic devices today. Devices using OLED displays enhance a user's viewing experience by allowing for the visual depiction of perfect blacks as well as colors with high contrast—without distortion. OLED displays naturally emit light and have the ability to turn off completely. Due to OLED display's inherent design, devices are thinner, lighter, and more flexible than ever before. This is because OLED displays use fewer components. OLED displays are the trendiest and best displays available on the market today.

3.  But just a few decades ago, OLED display technology was in its infancy. OLED displays have since undergone significant improvements to enhance the user experience for consumers throughout the world.

4.  Due to the vision of the companies who developed and those who improved on OLED display technology, this technology has enjoyed rapid developments and improvements. Research and development engineers have logged hours and hours of work to push this technology to the forefront of the display market today. Improvements to this technology can be highly technical, for example, they can relate to improved designs to the operation of drive control to improved designs of transistor array substrates. These advancements to the various aspects of the technology—each building a little on a related advancement before it—get us to the highly advanced state we enjoy today.

5.  These achievements range from designing the fundamental building blocks, which enable the operation of OLED display technology, to designing critical enhancements, which improves important aspects of the user experience and functionality of the OLED display. This infringement action is about the latter: patented improvements—which took years of research and millions of dollars in investments to develop, and which are infringed by Apple's Accused Products here.

**PARTIES**

6.  Plaintiff Solas Ltd. is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Solas is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

7.  On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One

Apple Park Way, Cupertino, CA 95014.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Apple in this action because Apple has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. Apple, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patent.

10. Venue is proper in this District under 28 U.S.C. §1400 (b). Apple is registered to do business in Texas, and upon information and belief, Apple has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Apple has regular and established places of businesses in this District, including at 12545 Riata Vista Cir., Austin, Texas 78727; 12801 Delcour Dr., Austin, Texas 78727; and 3121 Palm Way, Austin, Texas 78758. *See* Exhibits 1-4.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 7,868,880

11. Solas realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

12. Solas owns by assignment all rights, title, and interest in U.S. Patent No. 7,868,880 (the "'880 Patent"), entitled "Display Apparatus and Drive Control Method Thereof." The '880 Patent was duly and legally issued by the United States Patent and Trademark Office on January 11, 2011. A true and correct copy of the '880 Patent is attached as Exhibit 5.

13. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including Apple Watch 3, Apple Watch 4, and Apple Watch 5, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 2-40 of the '880 Patent.

14. Apple also knowingly and intentionally induces infringement of at least claims 2-40 of the '880 Patent in violation of 35 U.S.C. §271(b). Through the filing and service of this Complaint, Apple has had knowledge of the '880 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '880 Patent, Apple continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '880 Patent. Apple does so knowing and intending that its customers and end users will commit these infringing acts. Apple also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '880 Patent, thereby specifically intending for and inducing its customers to infringe the '880 Patent through the customers' normal and customary use of the Accused Products.

15. The Accused Products satisfy all claim limitations of at least claims 2-40 of the '880 Patent. A claim chart comparing independent claims 2 and 25 of the '880 Patent to a representative Accused Product, the Apple Watch 5, is attached as Exhibit 6.

16. By making, using, offering for sale, selling and/or importing into the United States

the Accused Products, Apple has injured Solas and is liable for infringement of the '880 Patent pursuant to 35 U.S.C. §271.

17.As a result of Apple's infringement of the '880 Patent, Solas is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

18.Apple's infringing activities have injured and will continue to injure Solas, unless and until this Court enters an injunction prohibiting further infringement of the '880 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Solas respectfully requests that this Court enter:

a.A judgment in favor of Solas that Apple has infringed, either literally and/or under the doctrine of equivalents, the '880 Patent;

b.A permanent injunction prohibiting Apple from further acts of infringement of the '880 Patent;

c.A judgment and order requiring Apple to pay Solas its damages, costs, expenses, and pre-judgment and post-judgment interest for Apple's infringement of the '880 Patent; and

d.A judgment and order requiring Apple to provide an accounting and to pay supplemental damages to Solas, including without limitation, pre-judgment and post-judgment interest;

e.A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Solas its reasonable attorneys' fees against Apple; and

  f.  Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Solas, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 15, 2020    Respectfully submitted,

    By: */s/ Reza Mirzaie*
    Reza Mirzaie (CA SBN 246953)
    Paul A. Kroeger (CA SBN 229074)
    Philip X. Wang (CA SBN 262239)
    Kent N. Shum (CA SBN 259189)
    Jonathan Ma (CA SBN 312773)
    RUSS AUGUST & KABAT
    12424 Wilshire Blvd., Ste. 1200
    Los Angeles, CA 90025
    Telephone: (310) 826-7474
    Facsimile: (310) 826-6991
    Email:  rmirzaie@raklaw.com
        pkroeger@raklaw.com
        pwang@raklaw.com
        kshum@raklaw.com
        jma@raklaw.com

    ***Attorneys for Plaintiff Solas OLED Ltd.***